Christopher S. Coleman (#018287)
Rusty D. Crandell (#026224)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
CColeman@perkinscoie.com
RCrandell@perkinscoie.com
docketphx@perkinscoie.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Microsoft Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Technology Regeneration, Inc., a Nebraska corporation; and Robert Ward, an individual,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

1. Microsoft Corporation ("Microsoft") brings this action against Defendants Technology Regeneration, Inc., a Nebraska corporation doing business in Scottsdale, Arizona, and Robert Ward, an individual ("Defendants") alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; and unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## PARTIES

2. Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

3. Upon information and belief, defendant Technology Regeneration, Inc. ("Technology Regeneration") is a Nebraska corporation with its principal place of business located in Scottsdale, Arizona. Technology Regeneration is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

4. Upon information and belief, defendant Robert Ward, an individual, owns, operates, does business as and/or otherwise controls Technology Regeneration. Upon information and belief, Robert Ward was, at all times mentioned, domiciled in and a resident of the State of Arizona and transacts substantial business in this State. Upon information and belief, Robert Ward (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Arizona pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) a substantial part of the events giving rise to Microsoft's claims occurred in the District of Arizona, (b) Defendants reside in the District of Arizona for the purposes of

determining venue, and/or (c) Defendants have a sufficient connection with the District of Arizona to make venue proper in this district, all as alleged in this Complaint.

**FACTS COMMON TO ALL CLAIMS**

8. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on discs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, and other components.

9. Microsoft Windows XP: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows XP Professional ("Windows XP"). Windows XP is an operating system for desktop and laptop systems. It performs a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored on Windows XP desktops from network connections. Microsoft holds a valid copyright in Windows XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows XP, bearing the number TX 5-407-055, is attached hereto as Exhibit 1 and is incorporated by reference.

10. Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

    a. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

    b. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

    c. WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit; and

1    d.    COLORED FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software;

True and correct copies of the Trademark Registrations for a. through d. above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

## DEFENDANTS' INFRINGEMENT

11. Defendants advertised, marketed, installed, offered and distributed unauthorized copies of Microsoft software after Microsoft warned them of the consequences of infringing Microsoft's copyrights, trademarks and/or service mark.

12. On information and belief, Defendants advertise that the computers that they sell come pre-installed with Microsoft software. In the advertisements, Defendants misappropriate and/or infringe Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.

13. The computers sold by Defendants actually have infringing copies of Microsoft software installed.

14. By correspondence dated April 9, 2012, Microsoft warned Defendants that it is a violation of copyright and trademark laws to make and distribute unauthorized copies of Microsoft software programs. Microsoft also informed Defendants of the consequences of such infringement.

15. Nevertheless, in or about May 2012, Defendants distributed to an investigator a computer system with an unauthorized copy of Windows XP installed.

16. On information and belief, this is not an isolated incident. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities.

17. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service marks.

18. On information and belief, Microsoft has been harmed by Defendants' advertising activities, including the unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

## COUNT I

### (Copyright Infringement)

19. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

20. Microsoft is the sole owner of Microsoft Windows XP and of the corresponding copyright and Certificate of Registration.

21. Defendants have infringed the copyrights in Microsoft's software, including but not limited Microsoft Windows XP, by advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

22. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

23. As a result of the wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of the wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

24. In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

25. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft

such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

26. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT II

### (Trademark Infringement)

27. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

29. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

30. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

31. The infringing materials that Defendants have and are continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

32. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

33. Upon information and belief, Defendants advertised, marketed, installed, offered or distributed infringing material with the purposes of misleading or confusing

1   customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

34. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

35. As a result of the wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of the wrongful conduct. 15 U.S.C. § 1117(a).

36. In addition, because Defendants' infringement of Microsoft's trademarks and service mark as described above was willful, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

37. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

38. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

# COUNT III

## (False Designation Of Origin, False Description, And False Representation Of Microsoft Packaging)

39. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

41. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

42. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

43. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specific displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

44. Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

45. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

46. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## COUNT IV

### (Use of Counterfeit Marks)

47. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48. Defendant has knowingly and with intent to sell possessed and sold items bearing unauthorized reproductions or copies of intellectual property and intellectual property affixed to items offered for sale, in violation of A.R.S. §44-1453.

49. Microsoft owns the intellectual property counterfeited by Defendant and has sustained a loss as a result of Defendant's violation of A.R.S. §44-1453.

## COUNT V

### (Arizona Common Law Unfair Competition)

50. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49, inclusive.

51. The acts and conduct of Defendant as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Arizona.

52. The acts and conduct of Defendant are likely to cause confusion and mistake

1  among customers, end users and the public as to the origin or association of Defendant's
2  infringing Microsoft software and/or components. These acts and conduct are likely to
3  lead the public to conclude, incorrectly, that the infringing Microsoft software and/or
4  components distributed, solicited for distribution, offered, advertised and marketed by
5  Defendant originate with, are sponsored by, or are authorized by Microsoft, to the damage
6  and harm of Microsoft, its licensees, and the public.

7  53.  Defendant's conduct as alleged above has damaged and will continue to
8  damage Microsoft's goodwill and reputation and has resulted in losses to Microsoft and an
9  illicit gain of profit to Defendant in an amount that is unknown at the present time.

## COUNT VI
### (For Imposition Of A Constructive Trust Upon Illegal Profits)

12  54.  Microsoft repeats and incorporates by this reference each and every
13  allegation set forth in paragraphs 1 through 53, inclusive.

14  55.  Defendants' conduct constitutes deceptive and wrongful conduct in the
15  nature of passing off the infringing materials as genuine Microsoft software or related
16  components approved or authorized by Microsoft.

17  56.  By virtue of Defendants' wrongful conduct, Defendants have illegally
18  received money and profits that rightfully belong to Microsoft.

19  57.  Upon information and belief, Defendants hold the illegally received money
20  and profits in the form of bank accounts, real property, or personal property that can be
21  located and traced.

22  58.  Defendants hold the money and profits Defendants have illegally received
23  as a constructive trustee for the benefit of Microsoft.

## COUNT VII
### (Accounting)

26  59.  Microsoft repeats and incorporates by this reference each and every
27  allegation set forth in paragraphs 1 through 58, inclusive.

28

60. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to the acts of infringement.

61. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

62. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, installed, offered or distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants as indicated below:

    a. that Defendants have infringed Microsoft's rights in the following federally registered copyright, in violation of 17 U.S.C. § 501: TX 5-407-055 ("Windows XP");

    b. that Defendants have infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

        (i) 1,256,083 ("MICROSOFT");

        (ii) 1,872,264 ("WINDOWS"); and

        (iii) 2,744,843 (COLORED FLAG DESIGN);

    c. that the infringement described in 1(a) and 1(b) was committed, at a minimum, with willful blindness and/or reckless disregard;

    d. that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

    e. that Defendants engaged in unfair methods of competition in violation of Arizona common law and A.R.S. §44-1453; and

    f. that Defendants have otherwise injured the business reputation and

1 business of Microsoft by the acts and conduct set forth in this Complaint.

2      2.     That the Court issue injunctive relief against Defendants, and that Defendants, any directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

     a.     imitating, copying, or making any other infringing use or infringing distribution of the software programs, components , end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or items protected by the following copyright Certificate Registration No .:  TX 5-407-055 ("Windows XP"); or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

     (i)     1,200,236 ("MICROSOFT");

     (ii)     1,256,083 ("MICROSOFT");

     (iii)     1,872,264 ("WINDOWS"); and

     (iv)     2,744,843 (COLORED FLAG DESIGN);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

     b.     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

     c.     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production,

distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

    d. using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

    e. engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

    f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

  3. That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that is in Defendants' possession or under their control;

  4. That the Court enter an order declaring that Defendants hold in trust, as a constructive trustees for the benefit of Microsoft, the illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

  5. That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

       a.     Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2), for Defendants' infringement of Microsoft's copyrights;

       b.     Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' violation of Microsoft's registered trademarks and service mark, or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

       c.     Microsoft's damages pursuant to Arizona common law and A.R.S. §44-1453;

6. That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

7. That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated:  December 12, 2012              **PERKINS COIE LLP**

By: s/ *Rusty D. Crandell*
Christopher S. Coleman
Rusty D. Crandell
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

*Attorneys for Plaintiff Microsoft Corporation*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on December 12, 2012, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

☒ I hereby certify that on December 12, 2012, I served the attached document by first class mail on the assigned Judge, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

<u>s/ Jessica Griffith</u>